UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    CASE NO. 96-961-CR-MOORE/MCALILEY

EFREN CASTANO-OSPINA,

    Defendant.
_____/

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    CASE NO. 04-20056-CR-MOORE/MCALILEY

EFREN CASTANO-OSPINA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable K. Michael Moore referred this matter to me to conduct a change of plea hearing for Defendant Efren Castano-Ospina. [No. 96-961 DE 42; No. 04-20056 DE 22]. I held that hearing on March 30, 2017, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

    1.    On March 8 and 23, 2017, I met with the Defendant and counsel for both parties to address the apparent conflict of interest that Defendant's privately retained attorney, David S. Markus, had in his representation of Defendant in Case No. 04-20056

1

(the bond jump case). Specifically, we discussed at length that Mr. Markus was a likely witness (for the government or possibly the defense) if that case went to trial, and that this presented a conflict of interest in Mr. Markus's representation of the Defendant in that case. At the conclusion of the March 8th hearing I provisionally appointed the Federal Public Defender as counsel for the Defendant, for the purpose of advising the Defendant about this conflict of interest and the wisdom of the Defendant's stated wish to be represented by Mr. Markus in both cases, despite this conflict of interest. I also determined at that time that if the Defendant chose to be represented by new counsel, that he would qualify for the appointment of counsel, and I advised Defendant that if he wished I would appoint the Federal Public Defender to represent him in both pending cases. On March 23rd, I met the Defendant, Mr. Markus, Assistant Federal Public Defender Katie Carmen, and government counsel. At the conclusion of that hearing I found that the Defendant had knowingly, voluntarily and intelligently waived his right to conflict-free counsel and had expressly and clearly stated that he wanted to have Mr. Markus represent him in both pending criminal cases and I agreed that Mr. Markus could continue to serve as the Defendant's attorney in both cases.

2. At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by Judge Moore, the presiding District Court Judge. I also advised Defendant that Judge Moore would sentence Defendant, and make all findings and rulings concerning Defendant's sentence.

3. Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Moore. Defendant, Defendant's attorney and the Assistant United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

4. I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

5. The parties entered into a written plea agreement and had that document with them at the hearing; the plea agreement was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to: (1) in Case No. 96-961, Count 1, which charges a failure to file a report stating that Defendant was transporting, about to transport, or had transported currency or monetary instruments in excess of $10,000 at one time, specifically approximately $215,267, from a place within the United States to a place outside the United States, in violation of Title 31, United States Code, Section 5316(a)(1)(A), Code of Federal Regulation, section 103.23, and Title 18, United States Code, Section 2; and (2) in Case No. 04-20056, the Indictment that charges Defendant failed to appear before a Court as required by the conditions of release, in violation of Title 18, United States Code, Sections 3146(a)(1) and (b)(1)(A)(ii).

6. The parties also agreed to a written factual proffer, which sets forth a factual basis that supports a finding that Defendant is guilty of the crime charged in Count I in Case no. 96-961, and in the Indictment in Case No. 04-20056. Defendant said that he read that factual proffer, agreed to its accuracy and confirmed that he signed it; it was thereafter filed with the Court. Government counsel identified the essential elements of the crimes charged, including any sentencing enhancements and/or aggravating factors that may be applicable. Defendant also explained how he committed that crime as charged in Count I of Case No. 96-961, and charged in the Indictment in Case No. 04-20056. I found that a factual basis exists for Defendant's plea of guilty.

Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that he understood these possible penalties, including the statutory maximum of 5 years imprisonment for Count 1 in Case No. 96-961; and a statutory maximum of 5 years imprisonment for Count 1 in Case No. 04-20056. Defendant further acknowledged that he understood that the sentences would be consecutive and could equal a total of 10 years imprisonment.

7. Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that his guilty plea is knowing and voluntary and has factual support. I recommend that the Court adopt these

findings, and adjudicate Defendant guilty the crimes charged in of Count 1 of the Indictment in Case No. 96-961, and in the Indictment in Case No. 04-20056.

8. The U.S. Probation Office will prepare a pre-sentence investigation report, and Defendant was advised that his **sentencing has been scheduled for June 8, 2017, at 2:00 p.m., before the Honorable K. Michael Moore, at the Willkie D. Ferguson, Jr., United States Courthouse, 400 North Miami Avenue, Courtroom 13-1, and Miami, Florida.**

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty the crimes charged in of Count 1 of the Indictment in Case No. 96-961, and in the Indictment in Case No. 04-20056, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable K. Michael Moore, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1

(2016).

**RESPECTFULLY RECOMMENDED** this 30th day of March, 2017, at Miami, Florida.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable K. Michael Moore
      Counsel of record